[Civ. No. 23693.   Second Dist., Div. One.   June 8, 1960.]

Estate of EVELYN T. SCOTT, a Missing Person. ROBERT LEONARD EWING SCOTT, Appellant, v. CITIZENS NATIONAL TRUST & SAVINGS BANK (a National Banking Association) et al., Respondents.

Robert Leonard Ewing Scott, in pro. per., for Appellant.

Daniels & Mathews and Hallam Mathews for Respondents.

SCOTT (Robert H.), J. pro tem.*—Robert Leonard Ewing Scott, husband of Evelyn T. Scott, a missing person, appeals from an order dated September 5, 1958, instructing and directing the trustee of her estate "to take such steps and perform all acts as may be required by law to sell and dispose of all of the right, title and interest of Evelyn T. Scott, a missing person, in the real property located at 217 North Bentley Avenue, Los Angeles, California" and the furniture, furnishings and bric-a-brac therein located.

In a petition filed March 26, 1956, appellant had represented to the trial court that Evelyn T. Scott was last seen on May 16, 1955, and ever since that time has been missing.

On April 20, 1956, the trial court had made an order appointing Citizens National Trust and Savings Bank as trustee of the estate of Evelyn T. Scott, a missing person, "to take charge and possession thereof and to manage and control the same under the direction of this court."

On August 4, 1958, the bank as trustee filed a petition for instructions. It recited part of an order made by the trial court on March 24, 1958, as follows:

"4. Said Trustee is hereby instructed and directed to place the real property together with the furniture and furnishings therein contained located at 217 North Bentley Avenue, Los Angeles, California upon the market for rental purposes and to rent or lease the same as furnished for such rental and upon such terms and to such person or persons as the Trustee in its discretion deems desirable and for the best interests of said estate."

The trustee then stated (in its August 4, 1958 petition) that it had attempted to rent the property but had been unable to do so and expressed the belief that a satisfactory tenant at a satisfactory rental could not be obtained for said premises. It set out that said property was incurring expenses for caretaker, gardener, utilities, taxes, etc., and stated: "that it is for the best interests of said estate that some distribution by way of sale be made thereof." It thereupon prayed for "the order of the above entitled Court prescribing the manner of notice to be given upon the hearing of this petition; that after due consideration of the matters and things herein set forth, your petitioner be instructed with regard thereto and for such other and further relief as the Court deems meet and just in the premise."

*Assigned by Chairman of Judicial Council.

On September 5, 1958, the trial court made an order instructing trustee setting out that the matter had been heard on August 27, 1958, that all notices of said hearing had been given as required by law, that evidence had been heard and thereupon instructed and directed said trustee, as above stated, to take such steps and perform all acts as may be required by law to sell and dispose of the real property and household furniture, furnishings and bric-a-brac.

Appellant complains of the order of the trial court of September 5, 1958. He asserts that the order failed to comply with the provisions of sections 267, 268 and 269 of the Probate Code; that a statute authorizing a sale of property of a missing person before seven years violates due process of law guaranteed by the Fourteenth Amendment to the Constitution of the United States; that the order was an abuse of discretion if the court had any right to make an order under the circumstances.

The evidence presented to and considered by the trial court at the hearing on which the order of September 5, 1958, is based has not been included in the record on appeal. We assume therefore that it was adequate to support the court's instruction to the trustee. The latter, on this appeal, asserts that no attempt was made by it to comply with sections 267 and 268 of the Probate Code for the reason that it was not proceeding under said sections but rather under section 1120 of the Probate Code, which permits a trustee to seek instructions. The order is declared to be "simply an instruction directing the Trustee to proceed with necessary legal steps leading to a sale; such procedure would require the Trustee to file a petition under Probate Code, Section 267, provide notice in accord with Section 268, and meet Section 269 requirements." The trustee is under the impression that it may have sufficiently complied with these sections but it is apparent from the trial court's order and the trustee's declarations just noted that this impression is not well founded.

After discussing trustee's lack of compliance with the provisions of sections 267, 268 and 269 of the Probate Code appellant challenges those sections as being violative of due process of law guaranteed by the Fourteenth Amendment to the Constitution of the United States. In support of that point appellant cites the case of *Estate of Sherman*, 46 Cal.2d 534, 535 [297 P.2d 425], which sheds no light upon the question and seems to require no discussion.

Appellant cites the cases of *Scott* v. *McNeal*, 154 U.S. 34

[14 S.Ct. 1108, 38 L.Ed. 896] (decided in 1894), and *Cunnius* v. *Reading School District,* 198 U.S. 458 [25 S.Ct. 721, 49 L.Ed. 1125] (decided in 1905). It is apparent that the Supreme Court of the United States had not precluded proceedings relative to the estate of missing persons but has affirmatively stated that where appropriate safeguards to the rights of such person are provided such a statute does not conflict with the Fourteenth Amendment to the Constitution of the United States.

It would appear that an evaluation of the statutory provisions in this state relating to the sale of property of a missing person, and a consideration of them in the light of the Fourteenth Amendment should be reserved until such time as an order for such a sale has been made.

As to appellant's final point to the effect that the trial court had abused its discretion in making the order now before us, we note that the effect of such order is to set aside a prior order requiring the trustee to rent the property and to permit it to take appropriate legal steps to notify interested parties and to submit to the court its recommendation for sale. It was not inconsistent with respondent's duty as a prudent trustee to report to the court that the house and furnishings could not be rented to a suitable tenant and on suitable terms and that there was expense for their maintenance. We cannot say that it was an abuse of discretion for the trial court to permit the trustee to take appropriate legal steps looking toward the eventual sale of the property at a suitable price and on suitable terms and under conditions which would not diminish or impair the value of the estate.

We find nothing in the instructions thus far given which was an abuse of discretion or violative of any rights of appellant.

Order affirmed.

Wood, P. J., and Fourt, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 3, 1960.